FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 19  AM 8: 08

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT HARRISON                              CIVIL ACTION

VERSUS                                    NO. 04-2423

RICHARD L. STALDER, ET AL            SECTION "T"(5)

## REPORT AND RECOMMENDATION

Plaintiff, Robert Harrison, is a prisoner currently incarcerated in Washington Correctional Institute ("WCI"). Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, against Louisiana Department of Public Safety and Corrections Secretary Richard Stalder, along with WCI personnel, Warden James Miller, Sergeant Knight and Officer McMurray. The matter is presently before the court pursuant to a motion to dismiss filed on behalf of Secretary Stalder and Warden Miller. For the following reasons, it is **HEREBY RECOMMENDED** that the instant motion to dismiss be **GRANTED** as to Secretary Stalder but **DENIED** as to Warden Miller.

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe a plaintiff's complaint liberally and must accept all facts pleaded in the complaint as true. *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____

L.Ed.2d 721 (1986). A complaint may not be dismissed under Rule 12(b)(6) ". . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id., quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

A review of plaintiff's *pro se* complaint (Fed. rec., doc. no. 1), which must be construed broadly,[1] along with his memorandum in support of his § 1983 complaint (Fed. rec., doc. no. 6), reflects that on or about November 23, 2003, plaintiff "was charged with aggravated fighting with another inmate". Thereafter, he was placed on extended lockdown in Sun Unit, Tier L-4, for a period of over nine months. During this time, plaintiff was denied all telephone privileges and he was not allowed to go "on the yard for some fresh air or to get some sunlight". Further, during his time on Tier L-4, defendants Knight and McMurray periodically shut off the tier's fan and exhaust system, causing plaintiff, who suffers from "asthma, chronic lung problems and high blood pressure", to undergo several "breathing treatments" at the prison infirmary. Plaintiff, who "is now confined to a wheelchair", also complains that Knight and McMurray periodically deprived him of his wheelchair for the unauthorized purpose of transporting other prisoners to the infirmary, thereby preventing him from leaving his bed and causing him to suffer bed sores.

It is well-established that supervisory officials cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir.

---

[1]The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). A state actor may be liable under § 1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F. 2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F. 2d 120 (5th Cir. 1980).

In his supporting memorandum (Fed. rec., doc. no. 6), plaintiff represents that "[d]efendants Stalder and Miller are being sued under the doctrine of 'respondeat superior'". In accordance with this representation, plaintiff, in his response to defendants' motion to dismiss (Fed. rec., doc. no. 12), provides that he "does not object to the dismissal of defendant Richard L. Stalder as a party defendant". Plaintiff does, however, "object to the dismissal of defendant James D. Miller as a party defendant".

Plaintiff contends that Miller had the requisite personal involvement in the acts allegedly causing the deprivation of his constitutional rights by virtue of the fact that Miller was notified, via plaintiff's utilization of WCI's administrative remedy procedure, of the unconstitutional conduct of Knight and McMurray, but failed, by virtue of Miller's failure to grant plaintiff administrative relief, to take action to stop their unconstitutional conduct. Following a conference with plaintiff, Harrison has since furnished the Court with copies of correspondence to the Warden from his attorney, seeking assistance on behalf of Harrison. The response of the Warden has also been furnished, indicating the Warden's awareness of plaintiff's medical condition and his need for adequate air flow and time out of his cell.

The Court is of the opinion that this information is sufficient to allow plaintiff, at least for

the time being, to continue forward with his claim against Warden Miller. The exact extent to which the Warden had knowledge of plaintiff's medical condition is still open for discussion. But the information forwarded to the Court establishes that plaintiff's condition had been brought to the personal attention of the Warden in more than simply a cursory fashion.

## RECOMMENDATION

It is hereby **RECOMMENDED** that the motion to dismiss filed on behalf of defendants, Richard Stalder be **GRANTED** but be **DENIED** as to Warden Miller.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ___15___ day of ___July___, 2005.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE