UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT HARRISON                          CIVIL ACTION

VERSUS                                   NUMBER: 04-2423

RICHARD STALDER, ET AL.                  SECTION: "T"(5)


**REPORT AND RECOMMENDATION**

    Robert Harrison, hereinafter referred to as plaintiff, has instituted suit on the standard form utilized by inmates for voicing complaints pursuant to 42 U.S.C. §1983.   In this litigation, plaintiff named the following individuals as defendants: Richard L. Stalder, then Secretary of the Department of Safety and Corrections for the State of Louisiana, James Miller, then Warden of Washington Correctional Institute, Sgt. Knight and Officer Mc Murray, employees at the institution, and "Sun Unit 'A & B' teams."  The gravamen of plaintiff's complaint addresses two separate physical conditions from which he suffers and his complaint that he was not allowed outside without being handcuffed.

Plaintiff has instituted suit herein *in forma pauperis*, pursuant to 28 U.S.C. §1915.  Proceeding with civil litigation as a pauper is not unrestrained.  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) revoked a prisoner's privilege to proceed *in forma pauperis* if the inmate had, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim.  28 U.S.C. § 1915 (g), as amended by PLRA.  Adepeqba v. Hammons, 103 F.3d 383 (5th Cir. 1996).  The only exception to this rule occurs if the "prisoner is under imminent danger of serious physical injury."  Id. at 385.

Here, plaintiff is no longer incarcerated at the Washington Correctional Institute and is no longer in contact with any of the individuals named defendants herein.  Therefore, the exception in 28 U.S.C. §1915(g) is inapplicable.  Furthermore, plaintiff has brought three or more civil actions which have been dismissed at the District Court level as frivolous.  See Harrison v. Stalder, C.A. #06-2825 (E.D. La. December 5,2006) (unpublished); Harrison v. Miller, C.A. #05-1325 (E.D. La. March 10, 2006)(unpublished); Harrison v. Miller, C.A. #03-3194 (E.D. La. April 21, 2004)(unpublished).  The latter two matters are final.

The Court has further documented that plaintiff appealed the decision in Harrison v. Stalder, C.A. #06-2825 (E.D. La. December 5, 2006) to the Fifth Circuit.  Before the Circuit Court, Harrison

challenged the certification issued by the District Court that his appeal was frivolous and not taken in good faith.  He, therefore, filed a motion for leave to proceed *in forma pauperis* on appeal.

Harrison's motion to proceed as a pauper was denied and his appeal dismissed as frivolous.  In an unpublished per curiam opinion, the Fifth Circuit held as follows:

> The dismissal of this appeal as frivolous counts as a strike for purposes of §1915 (g).  *See Adepegba v. Hammons,* 103 F.3d 383, 385-87 (5th Cir. 1996).  Harrison has accumulated at least two other strikes for purposes of §1915 (g).  *See Harrison v. Miller*, No. 2:05-CV-1325 (E.D. La. Mar. 10, 2006) (unpublished); *Harrison v. Miller,* No. 2:03-CV-3194 (E.D. La. Apr. 21, 2004) (unpublished).  As Harrison has now accumulated at least three strikes, he is barred from proceeding IFP pursuant to §1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).
>
> IFP DENIED; APPEAL DISMISSED; 28 U.S.C. §1915(g) BAR IMPOSED.

*See Harrison v. Stalder*, No. 06-31324 (5th Cir., December 11, 2007).  Accordingly, when the Fifth Circuit decision noted above becomes final, with three strikes to his credit, plaintiff will be unable to proceed *in forma pauperis* in all pending and future litigations, including this one, without prior court approval.

Pursuant to a motion to dismiss filed by Richard L. Stalder, this Court dismissed Stalder from this litigation.  (Rec. Doc. 23).  The Court need, therefore, consider plaintiff's claims only against the remaining defendants.  In connection therewith an evidentiary

hearing was conducted at which time plaintiff and others testified.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, §1915 (e)(2)(B) provides in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

Section 1915 A, which mandates that federal courts screen all civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

As to the unnamed defendants referred to herein as "Sun Unit 'A' & 'B' teams, they are not defendants which can stand in judgment pursuant to Rule 17, Federal Rules of Civil Procedure. They are simply not legal entities and, accordingly, plaintiff has failed to set forth a claim against these unnamed entities pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. As such this claim is frivolous and must be dismissed.

4

In his initial complaint, plaintiff advised that, on November 23, 2003, he was charged with aggravated fighting with another inmate.  As a result he was placed on extended lockdown, where he had remained for over nine months as of the date of the filing of this complaint.  Plaintiff advised that he was not allowed to use the telephone, go in the yard or leave his cell without being handcuffed or shackled because of his status in extended lockdown.

At some point during his incarceration for which the Court does not have a date, plaintiff became confined to a wheelchair. However, it is the Court's understanding that plaintiff was in the wheelchair while in extended lockdown.  It was plaintiff's complaint that prison guards would utilize his wheelchair to take others to the infirmary and that, because he could not get from his bed without the chair, he began to suffer with bed sores.

Lastly, plaintiff complained that on or about August 2-3, 2004, Officer McMurray took a fan from the tier where he was housed.  Because plaintiff suffers from asthma and emphysema, he was forced to undergo breathing treatments because the fan was removed.

The Court initially notes that a plaintiff cannot prevail under 42 U.S.C. §1983 unless there is a causal connection between the actions or inactions of a given defendant and a discernable damage to the plaintiff, himself.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983); Douthit v. Jones, 641 F.2d 345 (5th Cir. 1981).

§1983 does not create a general federal tort law and the doctrine of *respondeat superior* has no place in proceedings brought under 42 U.S.C. §1983.  Harvey v. Andrist, 754 F.2d 569 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985).

As to plaintiff's claims that he contracted bed sores because corrections personnel took his wheelchair from him to transport other prisoners, the Court notes that plaintiff has failed both in his complaint and during his testimony at the evidentiary hearing to identify which specific guards are alleged to have taken the wheelchair, the dates when this occurred or the time period that he was without the chair.  Accordingly, a causal connection cannot be established between damages alleged by plaintiff and the actions of any defendant sued herein.

Additionally, there appears to be a question of whether plaintiff lodged a timely administrative grievance pertaining to the deprivation of his wheelchair, as Warden Miller noted that his review of plaintiff's grievances failed to disclose that a timely ARP was filed on this issue.  This also would preclude plaintiff from proceeding on this claim.[1]/

---

[1]/ The Court notes that, in Civil Action # 06-2825, Eastern District of Louisiana entitled Harrison v. Stalder, there is a discussion of the various ARP's filed by plaintiff, together with an affidavit from Kimberly Lemaire, a paralegal with the Louisiana Department of Public Safety and Corrections, setting forth what ARP's plaintiff had filed, together with their subject matter.  It would appear that the only ARP filed by plaintiff that is relevant to the current litigation is WCI-2004-510 which deals with the last claim discussed herein, i.e., the removal of a fan on his tier.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).   Exhaustion is mandatory in cases covered by § 1997 e(a).   Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. At 532.   The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).   The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate filed in federal court an in forma pauperis complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purposes of

7

proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). As has been noted earlier, plaintiff is proceeding *in forma pauperis* in this litigation.

Lastly, a review of plaintiff's medical records fails to disclose proof that he sought treatment for bedsores at any point during his incarceration at Washington Correctional Institute. Absent a showing of physical injury to plaintiff, he has no claim under §1983. 42 U.S.C. § 1997e(e); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Accordingly, this claim must be dismissed as frivolous.

Likewise, with regard to plaintiff's claim that he was not allowed out of his extended lockdown tier for fifteen months without being handcuffed, the Court notes that plaintiff has not identified what specific times he sought to go outside and was denied, nor which officers failed to accommodate his request. The Court further notes that plaintiff's medical records reveal that he was limited in his ability to exercise. Needing a wheelchair to ambulate and suffering with asthma and emphysema, there was little that plaintiff could do outside other than sit in the wheelchair. Again, the lack of damage to plaintiff due to his being handcuffed while outside is not apparent. And, without identifying a specific defendant who denied a reasonable request, the date of the request and proof that an ARP was lodged dealing with that issue, plaintiff

8

cannot further proceed with this claim.  It, too, must be dismissed as frivolous.

The main issue that plaintiff has set forth herein is with regard to the incident on August 2 or 3, 2004 when plaintiff alleges that Officer McMurray turned the ventilator and fan off in his living area.  Plaintiff, a sixty-nine year old inmate with pulmonary problems, found it more difficult to breathe once this happened.  While initially stating that Officer McMurray turned off the ventilation, plaintiff testified that a fan was removed from the tier by the officer and that, once the fan was moved, it was not brought back.

According to Officer McMurray, there is ventilation in each cell on the unit where plaintiff was housed.  Exhaust vents are left on in the cells for ventilation but exhaust fans are not run during the day because, in summer, they can actually increase the temperature on the tier by as much as ten degrees.  Plaintiff does not contend that the vent was removed from his cell.  As the Court understands it, there may have been another free standing fan which was removed, perhaps by McMurray, from its initial location, which caused plaintiff to experience some discomfort.  Plaintiff acknowledges that, when he experienced a problem breathing, he was brought to the infirmary and received a breathing treatment which provided him with relief.

The Court heard no evidence indicating that McMurray took

action with regard to removing that fan in order to deliberately cause discomfort to plaintiff.  In fact, plaintiff testified that McMurray initially advised him that he had been ordered by his superior to remove the fan.  It is not contested that, when plaintiff began to experience physical difficulty breathing, he was provided with medical treatment to compensate for his health problems.

While the Court does not doubt that removal of an operative fan can make an area warmer, the Court cannot second guess prison officials in such day-to-day decisions.  The Court is not involved in the running of Washington Correctional Institute.  What is clear is that plaintiff's medical needs were met when brought to the attention of personnel.  Furthermore, there is no suggestion that Officer McMurray removed the fan in order to make plaintiff's life more difficult.

As such plaintiff fails to set forth a claim upon which relief might be granted as to Officer McMurray.  As to all other remaining defendants, there is no articulation of a causal connection between anything they might have done and damage which occurred to plaintiff.  Accordingly, all of plaintiff's claims should be dismissed as frivolous.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the claims of plaintiff, Robert Harrison, against defendants, Warden James

Miller, Officer McMurray, Sgt. Knight and Sun Unit "A" & "B" teams be dismissed as frivolous.

Alternatively, it is recommended that plaintiff's pauper status be revoked upon the finality of the judgment of the Fifth Circuit in Harrison v. Stalder, No. 06-31324 (5th Cir., December 11, 2007) and that this matter be dismissed with prejudice unless the full filing fee is tendered by plaintiff within 30 days of the rendition of the Court's judgment.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 11th day of _____March_____, 2008.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

11